### . LEITNER *v.* BARNETT.

1. JURY—DEMAND—SEPARATE FROM PLEADING.

   Under present court rules a demand for jury trial must be made in writing and be entirely separate and apart from any plead-. ing in the cause (Court Rule No. 33, § 1 [1945]).

2. SAME—DEMAND—ATTACHMENT TO PLEADING.

   Demand for jury trial was properly denied where, although written, it was appended to plaintiff's reply to defendant's answer, cover of which was entitled "Reply to defendant's answer and demand for jury trial" (Court Rule No. 33, § 1 [1945]).

3. SAME—TRANSFER FROM NONJURY TO JURY CALENDAR—DISCRETION OF COURT.

   Affirmance of order denying demand for jury trial because such demand was attached to a pleading in the cause is without prejudice to further action of circuit court pursuant to court rule vesting it with discretionary power to transfer a cause from the nonjury to the jury calendar for trial (Court Rule No. 33, §§ 1, 3 [1945]).

. Appeal from Wayne; O'Hara (Chester P.), J. Submitted March 25, 1947. (Calendar No. 43,642.) Decided April 17, 1947.

Action by John Leitner, administrator of the estate of Melvin Leitner, deceased, against Earl S. Barnett, doing business as Barnett Detroit Cartage Company. The court on pretrial proceeding set case as nonjury case. Plaintiff reviews by appeal in nature of certiorari and mandamus. Affirmed.

*Stewart A. Ricard,* for plaintiff.

*Cary & BeGole,* for defendant.

Bushnell, J. In this appeal, in the nature of certiorari and mandamus, the parties seek an interpretation of the language of section 1 of Court Rule No. 33, § 1 (1945). This section reads as follows:

"Should any party to a civil cause desire trial by a jury, demand therefor shall be made separately in writing and filed and served upon all of the other attorneys not later than 15 days after the cause is first at issue; and any such demand thus made shall not be withdrawn unless consent thereto, in writing, signed by the attorneys for all the parties who have appeared in the case, be filed or such consent be expressed by such attorneys in open court. Demand for jury trials on appeals to courts of record shall be in accordance with the rules governing such appeals."

This section previously read:

"Should any party to a civil cause desire trial by a jury, demand therefor, if made by the plaintiff, may be attached to or noted upon his declaration, and, if made by any defendant, may be attached to or noted upon his answer, or such demand may be made in writing and filed and served upon all of the other attorneys not later than 15 days after the cause is at issue; and any such demand thus made shall not be withdrawn unless consent thereto, in writing, signed by the attorneys for all the parties who have appeared in the case, be filed or such consent be expressed by such attorneys in open court. Demand for jury trials on appeals to courts of record shall be in accordance with the rules governing such appeals." (Court Rule No. 33 [1933, as amended]).

The language of section 1 was changed in 1945 in order to obviate confusion in the preparation of the calendar of causes, and to expedite the hearing of

cases. (See Court Rule No. 35 [1945]). Under the former practice clerks had difficulty in segregating the various demands for jury trials when appended to other papers in the court files. It was believed that no hardship would be entailed if the party desiring a jury trial would be required to make his demand "*separately,* in writing, *  *  * not later than 15 days after the cause is *first* at issue."

We agree with the view expressed by the trial judge when he said:

"My construction of the present rule is that this demand for jury trial must be made in writing and must be entirely separate and apart from any of the pleadings in the cause."

See, also, Court Rule No. 7, § 4 (1945).

In the instant cause plaintiff filed a reply to defendant's answer, to which he appended a demand for jury trial. The cover of this pleading bore the title, "Reply to defendant's answer and demand for jury trial." This, however, was not a sufficient compliance with Court Rule No. 33. The authorities cited in the briefs from other jurisdictions, while entitled to respectful attention, do not control the present practice in Michigan.

The order denying a jury trial must be affirmed but without prejudice to any further action that the circuit court may take under the provisions of Court Rule No. 33, § 3 (1945) which reads:

"The circuit court, in its discretion, may order any civil case transferred from the nonjury to the jury calendar for trial."

The order is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.